Filed 2/24/23  P. v. Wallace CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>NATHANIEL DEON WALLACE,<br><br>        Defendant and Appellant. | B319120<br><br>(Los Angeles County<br>Super. Ct. No. BA009423) |

        APPEAL from a postjudgment order of the Superior Court of Los Angeles County.  Ray G. Jurado, Judge.  Affirmed.

        Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

        Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri and Nikhil Cooper, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Nathaniel Deon Wallace appeals the denial of his petition for resentencing under Penal Code[1] section 1172.6 (former § 1170.95).[2]  Appellant was convicted in 1990 by jury of one count of willful, deliberate, and premeditated attempted murder (§§ 664/187, subd. (a)), one count of attempted murder (§§ 664/187, subd. (a)), and four counts of second degree robbery (§ 211).  Following an evidentiary hearing pursuant to section 1172.6, subdivision (d)(3), the superior court ruled appellant ineligible for resentencing on both counts of attempted murder, finding beyond a reasonable doubt that appellant was the actual shooter and acted with intent to kill.  Appellant challenges the denial of the petition on the ground that the superior court erroneously relied on the summary of the evidence set forth in this court's prior opinion on direct appeal to conclude that appellant harbored the requisite intent to kill.  We agree with appellant that to the extent the superior court relied on the appellate opinion's summary of the evidence, the court erred.  However, based upon our review of the trial record in this case,[3] any error was harmless.  We therefore affirm the denial of appellant's resentencing petition.

---

[1] Undesignated statutory references are to the Penal Code.

[2] Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)

[3] We granted respondent's request to take judicial notice of the file from the direct appeal, which consists of a compact disc containing nine volumes of reporter's transcripts and two volumes of clerk's transcripts.

2

# FACTUAL AND PROCEDURAL BACKGROUND[4]

On December 2, 1989, around 6:45 p.m., Debra Rosenbaum parked her Volkswagen Rabbit on the street near her home. When she exited the vehicle, she noticed another car with three people in it parked nearby. Two men, identified by Rosenbaum as appellant and codefendant Martin Roberson, got out of the car and approached Rosenbaum, while the driver remained in the car. One of the men, whom Rosenbaum believed was appellant, was carrying "a big gun," about 18 or 19 inches long. Rosenbaum gave the men "everything [she] had"—her purse, book bag, and workout clothes. The men began to struggle with Rosenbaum, and she was shot in the back of the head. Rosenbaum survived, but suffered mental and physical impairment requiring long-term treatment.

Around 6:25 p.m. that evening, Cesar Morales was in his car parked on the street about three or four car lengths in front of Rosenbaum's Volkswagen. Morales had just delivered a pizza and was sitting in the driver's seat with the car door open and the interior light on. A scream drew his attention, and he turned to see a man assaulting a young woman as she lay on the ground. A gray Buick was parked alongside the Volkswagen facing in the same direction. Morales observed two other men get out of the Buick and stand nearby. As the woman struggled, the man who had been assaulting her lifted her up and appeared to throw her

---

[4] Because the instant appeal pertains only to the propriety of the superior court's denial of appellant's petition for resentencing under section 1172.6, we limit our factual summary to the evidence relevant to the attempted murder charges contained in the trial record.

3

into the back seat of the Buick. He then shot at her twice with a long-barreled gun, about 18 to 24 inches in length.

Morales closed his car door. When he turned to look behind him again, he saw the Buick driving slowly up the street toward him. As the Buick drove past Morales's car, the passenger in the front seat who had shot the woman fired twice at Morales. Morales himself was not hit, but bullets struck the driver's and rear driver's side doors of his car. Morales attempted to follow the Buick as it drove away, but lost sight of it after several blocks.

Appellant's fingerprints were found on the inside and outside of the driver's window of Rosenbaum's car. Appellant's fingerprints were also found on a sawed-off .22-caliber Ruger rifle recovered from a search of appellant's residence. Morales identified the weapon as similar to the firearm he saw being used to shoot Rosenbaum, and bullet casings recovered from the scene of the shooting matched that particular Ruger rifle.

Following a jury trial, appellant was convicted of the willful, deliberate, and premeditated attempted murder of Cesar Morales (§§ 664, 187, subd. (a); count 4) and the attempted murder of Debra Rosenbaum (§§ 664, 187, subd. (a); count 3). As to both counts, the jury found the allegation that appellant personally used a firearm to be true. (§ 12022.5.) The jury also found true the allegation that appellant intentionally and personally inflicted great bodily injury on Debra Rosenbaum. (§ 12022.7.) Appellant was sentenced to a term of 21 years 8 months, plus life with the possibility of parole. (*People v. Adkins et al.* (Oct. 27, 1992, B052827) [nonpub. opn.] (*Adkins*).) This court affirmed the judgment on direct appeal.

Appellant filed a petition for writ of habeas corpus on April 11, 2019, in which he sought resentencing pursuant to Senate Bill No. 1437's amendments to the law of murder. The superior court construed the petition as a resentencing petition under section 1172.6 and appointed counsel. After numerous delays and following the passage of Senate Bill No. 775 (Stats. 2021, ch. 551, § 2), the superior court determined that appellant had made a prima facie case for relief, set an evidentiary hearing, and ordered the People to "file copies of the Court of Appeal opinion and the jury instructions." Before the evidentiary hearing, appellant filed an additional brief in which he argued that he was convicted of the attempted murder of Cesar Morales based upon the natural and probable consequences doctrine, and there was insufficient evidence to prove his guilt under any theory of attempted murder that remains viable under current law.

At the start of the evidentiary hearing, the superior court stated it had read and considered appellant's brief, the Court of Appeal opinion, and portions of the trial transcripts submitted by the People. The court added, "[B]ased on my review of the Court of Appeal opinion, which denied Mr. Wallace's appeal, it appears that he was the actual shooter." The prosecutor then offered into evidence a compact disc containing the full set of clerk's and reporter's transcripts from the trial as well as the prior opinion from the direct appeal.[5]

The People argued that appellant was not entitled to relief under section 1172.6 because the evidence at trial established he

---

[5] The compact disc was marked as an exhibit and admitted into evidence.

was the actual shooter in both attempted murders.  Further, the jury found appellant had personally used a firearm in both counts, it found the attempted murder in count 4 was willful, deliberate, and premeditated, and it found true the personal infliction of great bodily injury allegation as to count 3. Appellant countered by arguing that the instructions on natural and probable consequences allowed the jury to convict appellant of the attempted murder of Morales (count 4) without finding he had the requisite intent to kill.

Following argument, the superior court denied the petition. The court stated, "I do find that the evidence, as reflected in the Court of Appeal opinion, demonstrates that the defendant was the actual shooter and had the intent to kill beyond a reasonable doubt in both attempted murder convictions."

## DISCUSSION

### The Superior Court Correctly Denied Appellant's Petition for Resentencing

#### A. *Applicable legal principles*

The Legislature enacted Senate Bill No. 1437 (2017–2018 Reg. Sess.) in 2018, effectively abolishing the natural and probable consequences doctrine in cases of murder and limiting the application of the felony-murder doctrine.  (Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).)  With one narrow exception (§ 189, subd. (f)), Senate Bill No. 1437 effectively eliminated murder convictions premised on any theory of imputed malice—that is, any theory by which a person can be convicted of murder for a killing committed by someone else, such as felony murder or the natural and probable consequences doctrine—unless the People also prove that the nonkiller defendant personally acted with the intent to kill or

6

was a major participant who acted with reckless disregard to human life. (§§ 188, subd. (a)(3) & 189, subd. (e).) Specifically, the Legislature amended section 188 to require that, when the felony-murder rule does not apply, a principal in the crime of murder "shall act with malice aforethought" and "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); *People v. Gentile* (2020) 10 Cal.5th 830, 842–843 (*Gentile*).) Effective January 1, 2022, Senate Bill No. 775 amended section 1172.6 to expand its coverage to individuals convicted of "attempted murder under the natural and probable consequences doctrine." (§ 1172.6, subd. (a); *People v. Saibu* (2022) 81 Cal.App.5th 709, 747.)

Senate Bill No. 1437 also enacted former section 1170.95 (now § 1172.6), which established a procedure for vacating the murder convictions of defendants who could no longer be convicted of murder because of the amendments to sections 188 and 189. (Stats. 2018, ch. 1015, § 4; *Lewis*, *supra*, 11 Cal.5th at pp. 957, 959, 971; *Gentile*, *supra*, 10 Cal.5th at p. 843.) Section 1172.6, subdivision (c) requires the court to appoint counsel when requested upon the filing of a properly pleaded petition for resentencing. (*Lewis*, at pp. 963, 966.) The court must then conduct a prima facie analysis with briefing to determine the petitioner's eligibility for relief, and, if the requisite prima facie showing is made, issue an order to show cause. (§ 1172.6, subd. (c); *Lewis*, at p. 971; *People v. Nieber* (2022) 82 Cal.App.5th 458, 469–470.)

At the evidentiary hearing following issuance of an order to show cause, the superior court acts as an independent fact finder, and the prosecution bears the burden of proving beyond a reasonable doubt that the petitioner is guilty of murder or

7

attempted murder under California law as amended by Senate Bill No. 1437.  (§ 1172.6, subd. (d)(3); *People v. Garrison* (2021) 73 Cal.App.5th 735, 745; *People v. Strong* (2022) 13 Cal.5th 698, 709.)  The petitioner and the prosecutor may offer new or additional evidence, and the court may consider evidence "previously admitted at any prior hearing or trial that is admissible under current law," including witness testimony. (§ 1172.6, subd. (d)(3); see *Gentile, supra*, 10 Cal.5th at pp. 853–854.)

While "[t]he [superior] court may also consider the procedural history of the case recited in any prior appellate opinion" (§ 1172.6, subd. (d)(3)) at the evidentiary hearing stage, the court may not rely on facts recited by the appellate court in its prior decision to resolve a petition for resentencing.  (*People v. Cooper* (2022) 77 Cal.App.5th 393, 400, fn. 9 [superior court may rely on procedural history but not the factual summary contained in the prior appellate decision]; *People v. Flores* (2022) 76 Cal.App.5th 974, 988 ["the factual summary in an appellate opinion is not evidence that may be considered at an evidentiary hearing to determine a petitioner's eligibility for resentencing"]; *People v. Clements* (2022) 75 Cal.App.5th 276, 292 [in enacting Senate Bill No. 775, "the Legislature has decided trial judges should not rely on the factual summaries contained in prior appellate decisions when a section [1172.6] petition reaches the stage of a full-fledged evidentiary hearing"].)

## B. *The superior court improperly relied on the facts recited in the prior appellate opinion to deny the petition, but the error was harmless*

Appellant contends the superior court erred by relying on this court's summary of the evidence in the *Adkins* opinion, and

the matter must be remanded for a new evidentiary hearing. While we agree that the superior court erred in relying on the facts summarized in the prior opinion to deny the petition, we conclude that that error was harmless.

Contrary to respondent's assertion that the superior court based its ruling on the whole trial record, it does appear that the superior court improperly relied on the facts recited in the *Adkins* decision to find appellant ineligible for relief under section 1172.6. At the outset of the hearing, the court stated it had read and considered the parties' briefs, "some trial transcripts," and the Court of Appeal opinion. Although the trial record was in evidence and available to the court when the court ultimately denied the petition, at no time did the court pause the proceedings to actually review the evidence from appellant's trial before issuing its ruling. Instead, the superior court cited the Court of Appeal opinion as the only source of evidence to support its findings that appellant was the actual shooter and had the intent to kill. Under section 1172.6, subdivision (d)(3), as amended by Senate Bill No. 775, the superior court erred in relying on the facts recited in this court's prior decision to deny the petition.

The error, however, is one of state evidentiary law only, subject to harmless error analysis under *People v. Watson* (1956) 46 Cal.2d 818, 836. (*People v. Epps* (2001) 25 Cal.4th 19, 29 [error based solely on state law is subject to *Watson* harmless error analysis]; see *Lewis*, *supra*, 11 Cal.5th at pp. 957–958 [failure to appoint counsel under § 1172.6, subd. (b)(3) is "state law error only, tested for prejudice under [*Watson*]"].) Thus, the error requires reversal in this case only if appellant can show a reasonable probability that his petition would not have been

denied had the superior court reviewed the trial record. (*People v. Mena* (2012) 54 Cal.4th 146, 162 ["under *Watson*, a defendant must show it is reasonably probable a more favorable result would have been obtained absent the error"]; *Epps*, *supra*, 25 Cal.4th at pp. 29–30; *People v. Owens* (2022) 78 Cal.App.5th 1015, 1027 (*Owens*).)

Appellant cannot show prejudice here. He concedes that the factual summary in the prior opinion does not differ substantively from the trial evidence ("[appellant] is not contending the prior summary of evidence in the direct appeal opinion was somehow wrong or improper"), and he does not challenge the evidence in the record that he personally used a firearm and was the only shooter in both attempted murders.

At the evidentiary hearing under section 1172.6, subdivision (d)(3), the superior court was charged with determining, beyond a reasonable doubt, if appellant may be found guilty of attempted murder under a theory that remains valid after the amendments to the substantive definition of murder. (*People v. Vargas* (2022) 84 Cal.App.5th 943, 952.) The uncontroverted evidence at trial showed appellant was the sole actual shooter in both attempted murders, thus establishing his guilt as the actual perpetrator of both crimes, whose criminal liability was based on his own acts and mental state, not any theory of vicarious liability.

Because the evidence presented at appellant's trial unequivocally establishes that he was the sole actual shooter, the superior court's error in relying on the Court of Appeal opinion instead of the admissible trial record to draw that conclusion was harmless. (See *Owens*, *supra*, 78 Cal.App.5th at p. 1027.) And based on our own independent review of the record, we conclude

that the superior court correctly determined appellant is ineligible for any relief under section 1172.6. (See *People v. Delgadillo* (2022) 14 Cal.5th 216, 233.)

**DISPOSITION**

The order denying appellant's petition for resentencing under Penal Code section 1172.6 is affirmed.

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:


ASHMANN-GERST, J.


CHAVEZ, J.